# LEGAL AID
# JUSTICE CENTER

Rachel C. McFarland
*Attorney*

July 2, 2021

**By US Mail**

Miguel A. Cordero
c/o James T. Bacon
Allred, Bacon, Halfill & Young, PC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030

Re:  *Duarte v. Aguaviva of Alexandria, et al*

To Miguel Cordero:

I have enclosed the following documents in relation to the above-mentioned case:

 a.  Two (2) copies of a Waiver of the Service of Summons;
 b.  The Complaint;
 c.  Rule 4 of the Federal Rules of Civil Procedure in reference to the above-mentioned law suit;
 d.  Statement of consequences for failure to waive or not waive service; and a
 e.  A prepaid, self-addressed envelope for you to return your signed Waiver of Service of Summons to me.

As required by Rule 4 of the Federal Rules of Civil Procedure, I am required to inform you of the consequences of waiving and not waiving service. Those consequences are noted on pages 2 and 3 of this letter.

Accordingly, I ask that you sign the Waiver and send it back to me at your earliest opportunity, but no later than 30 days.  Finally, as the Waiver states, you and your co-defendants would need to file your answer or motion within 60 days of today's date.  Please let me know if you have any questions about the form.

Sincerely,

Rachel McFarland
Enclosures

To:     Miguel Cordero
        c/o James T. Bacon, Attorney

## WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached. This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within **30 days** from the date shown on the notice, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

## WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date in the notice) to answer the complaint.

## CONSEQUENCES OF NOT SIGNING THE WAIVER

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service. Please read the enclosed statement about the duty to avoid unnecessary expenses.  I certify that this request is being sent to you on the date below.

Date: 7/2/2021

Rachel McFarland

RMcFarland@justice4all.org
Legal Aid Justice Center
1000 Preston Avenue, Suite A, Charlottesville, VA 22903
(434) 529-1813

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia ▼

| | | |
|---|---|---|
| Enma Duarte | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:21-cv-00507 |
| Aguaviva of Alexandria, et al | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: Miguel A. Cordero
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____07/02/2021_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

                                                      *Signature of the attorney or unrepresented party*

Miguel A. Cordero
*Printed name of party waiving service of summons*

                                                      *Printed name*

                                                      *Address*

                                                      *E-mail address*

                                                      *Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia   ▼

| | |
|---|---|
| Enma Duarte | ) |
| *Plaintiff* | ) |
| v. | ) |
| Aguaviva of Alexandria, et al | ) |
| *Defendant* | ) |

Civil Action No. 1:21-cv-00507

## WAIVER OF THE SERVICE OF SUMMONS

To: Miguel A. Cordero
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____07/02/2021_____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

_____Miguel A. Cordero_____
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| **Enma Duarte,** | |
| Plaintiff | JURY TRIAL DEMANDED |
| **v.** | |
| **Aguaviva of Alexandria, Inc.** d/b/a Don Taco | Case No.: |
| a Virginia corporation, | |
| Serve: Herbert S. Rosenblum, a Professional Corporation Registered Agent 526 King Street, Ste. 211 Alexandria, VA 22314 | |
| and **Miguel A. Cordero,** | |
| Defendants | |

## COMPLAINT

### Preliminary Statement

1.      Plaintiff Enma Duarte brings this suit against her former employers—Aguaviva of Alexandria, Inc. (d/b/a "Don Taco"), and its president, Miguel A. Cordero—for failure to pay overtime premiums in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.

2.      From 2018 through early 2020, Ms. Duarte worked over 40 hours nearly every week, but Defendants did not pay her overtime as required by federal law. Moreover,

Defendants systematically underreported Ms. Duarte's hours on her paystubs in a way that strongly suggests that they were underpaying her intentionally and trying to hide it.

## Jurisdiction and Venue

3.      This action arises under the federal Fair Labor Standards Act ("FLSA"). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (private right of action).

4.      This Court has personal jurisdiction over Defendant Don Taco because (1) the company is a Virginia corporation that has its principal place of business in Virginia; (2) the company transacts business in Virginia; and (3) as Ms. Duarte's joint employer, the company's acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint.

5.      This Court has personal jurisdiction over Defendant Miguel A. Cordero because (1) he is the president of Don Taco and came to the restaurant regularly during Plaintiff's employment there; and (2) as Plaintiff's joint employer, his acts and omissions in Virginia gave rise to the wage violations that form the basis of this complaint; and (3) upon information and belief, he resides in Virginia.

6.      Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the City of Alexandria. *See* 28 U.S.C. § 1391(b)(2); 28 U.S.C. § 127(a); and Local Civil Rule 3.

## PARTIES

7.      Plaintiff Enma Duarte is an adult resident of Virginia.

8.      Defendant Aguaviva of Alexandria, Inc. is a Virginia corporation doing business under the name "Don Taco." It is located in the City of Alexandria at 808 King Street, Alexandria, VA 22314.

9.      On information and belief, Don Taco had over $500,000 in gross annual sales at all relevant times.

10.     On information and belief, at all relevant times, Don Taco had at least two employees who handled goods that had been moved in interstate commerce.

11.     Defendant Miguel A. Cordero is the president of Don Taco. On information and belief, he is an adult resident of Virginia. Defendant Cordero is also president of MACNAC Management, Inc., a Virginia corporation that operates as a restaurant group. The MACNAC group comprises Don Taco and at least four other Northern Virginia restaurants.

## FACTS

### Ms. Duarte's Employment

12.     Ms. Duarte worked at Don Taco from about late 2012 or early 2013 to about March 13, 2021. She did not hold any other jobs during this time.

13.     Defendant Cordero hired Ms. Duarte to work at Don Taco in or around late 2012 or early 2013. Defendant Cordero determined or approved Ms. Duarte's initial pay rate, schedule, and job duties.

14.     Ms. Duarte was hired at an hourly rate of about $11 per hour. Ms. Duarte received several raises over the following years. By around early 2018, she was earning $13.50 per hour. And in late July 2018, she got a raise to $14 per hour.

15.     In early 2020, Defendants cut Ms. Duarte's pay from $14 per hour to $12 per hour. Ms. Duarte called Defendant Cordero to complain about the pay cut. Defendant Cordero

3

said that he had cut many workers' wages to $11 per hour due to the COVID-19 pandemic, but that he had only cut her wages to $12 because she had worked for him for several years.

16.      Upon information and belief, Defendant Cordero determined or approved each change to Ms. Duarte's pay rate.

17.      Ms. Duarte worked in Don Taco's kitchen. During the hours that the restaurant was open to customers, Ms. Duarte worked preparing ingredients for the various dishes that the restaurant served. After closing time, Ms. Duarte cleaned and organized the kitchen so that it would be ready for use the next day.

18.      Ms. Duarte did not hire or supervise anyone at Don Taco.

19.      Defendants provided Ms. Duarte with all the materials, tools, and supplies needed for her job.

20.      Throughout her employment with Defendants, Ms. Duarte worked five days a week: Tuesday through Saturday.

21.      Defendants paid Ms. Duarte her wages every two weeks.

22.      Throughout her employment with Defendants, Defendants kept track of Ms. Duarte's hours of work. Ms. Duarte clocked in and out each day by entering a personal code into a Don Taco computer, as Defendants required.

23.      From about 2018 to about early 2020, Ms. Duarte typically started working at about 4 PM. Her stopping time varied, but it was typically between 2 and 3 AM. Ms. Duarte worked over 40 hours every week or nearly every week during this time, with the exception of one week in or around 2019 in which she took a vacation. Ms. Duarte estimates that she worked about 52 hours a week on average during this time.

24.      Defendants did not give Ms. Duarte any regular breaks, not even for meals.

4

## Defendants' Deceptive Pay Practices

25.     From 2018 to about early 2020, Ms. Duarte was never or almost never paid at one and one-half times the regular rate at which she was employed for the hours she worked beyond 40 in any workweek, even though Ms. Duarte's typical workweek included about 12 to 15 hours of overtime.

26.     From about 2018 to about early January 2019, Defendants falsified Ms. Duarte's wage rate and hours worked using a transparently improper scheme. During this period, the paystubs that Defendants issued to Ms. Duarte claimed that Ms. Duarte was paid at *twice* the hourly wage that she had actually been promised—and that she had worked only *half* the hours she had actually worked.

27.     For example, attached to this Complaint as Exhibit A is a copy of the paystub that Defendants issued to Ms. Duarte for the pay period of April 30 to May 13, 2018. The paystub claims that during this two-week period, Ms. Duarte was being paid $27 per hour and that she worked 52.50 total hours over these two weeks—an average of 26.25 hours per week (significantly fewer than 40 hours per week). But in reality, Ms. Duarte's pay rate during this period was only $13.50 per hour (*half* the hourly rate that appears on the paystub), and she worked 105 hours during these two weeks (*twice* the hours that appear on the paystub), averaging 52.5 hours per week—i.e., *more* than 40 hours per week, entitling her to at least 12.5 hours of overtime premiums that she never received.

28.     Starting around early January 2019, and continuing until at least February of 2020, Defendants changed from one improper pay scheme to another. During this time, the paystubs that Ms. Duarte received from Defendants claimed that Ms. Duarte was no longer an hourly employee at all, but rather a salaried employee. The paystubs also claimed that during

5

every two-week pay period, Ms. Duarte worked precisely 80 hours. (See Exhibit B, Paystub April 29 – May 12, 2019).

29.     The wages and hours on these "salaried" paystubs from 2019 and early 2020 were false as well. Ms. Duarte's job responsibilities and days of work were the same as in 2018. And as in 2018, Ms. Duarte continued to work well over 40 hours every week or nearly every week (other than one week in 2019 when she took a vacation). Ms. Duarte estimates that her average hours of work during her "salaried" period increased slightly from 2018; she still started at about 4 PM, but her usual stopping time was closer to 3 or 3:30 AM. As in 2018, her exact hours of work varied from week to week, but Ms. Duarte estimates that she typically worked about 55 hours per week on average. But even though Ms. Duarte was working different amounts of overtime from week to week, Defendants paid her the same fixed amount of "salary" nearly every week, regardless of how many hours she had actually worked. This means that, by definition, Defendants were not properly paying her overtime. *See* 29 C.F.R. § 778.500(b).

30.     Under the FLSA's recordkeeping provisions, employers must keep accurate payroll records for their non-exempt employees. The records must state the employee's true and accurate rate of pay, hours worked each day, and overtime pay earned each week. *See* 29 C.F.R. Part 516.

31.     Upon information and belief, Defendants failed to keep true and accurate records of Ms. Duarte's rate of pay, hours worked each day, and overtime pay earned each week, as required by the FLSA's recordkeeping provisions.

32.     Upon information and belief, Defendants intentionally misstated Ms. Duarte's pay rates and hours worked on her paystubs in order to avoid paying her overtime as required by federal law.

6

33.     Upon information and belief, Defendants willfully violated the FLSA by knowingly failing to pay Ms. Duarte according to the overtime provisions of the Act.

## CLAIMS

### Fair Labor Standards Act, 29 U.S.C. §§ 201–219

34.     As set forth above, Ms. Duarte was Defendants' "employee" within the meaning of 29 U.S.C. § 203(e)(1) at all times relevant to this action.

35.     Defendants were Ms. Duarte's joint "employers" within the meaning of 29 U.S.C. § 203(d) at all times relevant to this action.

36.     Defendants jointly "employed" Ms. Duarte within the meaning of 29 U.S.C. § 203(g) at all times relevant to this action.

37.     Ms. Duarte was employed by Defendants in an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(b) at all times relevant to this action.

38.     From at least 2018 to about early 2020, Defendants failed to pay Ms. Duarte one and one-half times the regular rate at which she was employed for the hours she worked beyond forty in any workweek, as set forth above, thereby violating 29 U.S.C. § 207(a)(1).

39.     Defendants' FLSA violations were "willful" within the meaning of 29 U.S.C. § 255(a) in that Defendants made no effort whatsoever to pay Ms. Duarte the proper overtime premium even though her normal work schedule required her to work over 40 hours per week. Indeed, as set forth above, Defendants used two transparently improper payment schemes—one that inflated rates and deflated hours, and one that deflated hours and paid a fixed "salary" even though she performed variable hours of overtime work each week. Both of these schemes appear designed to skirt federal employment laws.

## REQUESTED RELIEF

Ms. Duarte respectfully requests that the Court provide the following relief:

1.    Declare that the Defendants' violations were "willful," such that a three-year statute of limitations applies under 29 U.S.C. § 255(a);

2.    Award Ms. Duarte her actual damages in the amount of all unpaid overtime wages, jointly and severally against both Defendants in an amount to be proved at trial, pursuant to 29 U.S.C. § 216(b);

3.    Award Ms. Duarte additional liquidated damages in an amount equal to her actual damages, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b);

4.    Award Ms. Duarte her costs and reasonable attorney's fees, jointly and severally against both Defendants, pursuant to 29 U.S.C. § 216(b); and

5.    Any other relief the Court deems just and proper.


Plaintiff demands trial by jury.



Respectfully submitted,

/s/ Simon Sandoval-Moshenberg                                              Date: April 23, 2021
Simon Sandoval-Moshenberg (VA Bar No. 77110)
Legal Aid Justice Center
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
T: (703) 778-3450
F: (703) 778-3454
E: simon@justice4all.org

*Counsel for Enma Duarte*

## Statement of Earnings For: Emma Duarte

| | | |
|---|---|---|
| Period Begin | 4/30/2018 | Company Id MACNAC |
| Period End | 5/13/2018 | Department 700 |
| Check Date | 5/18/2018 | |

| | |
|---|---|
| Employee Number | 9812 |
| Pay Group | DNTACO |
| SSN | XXX-XX-9812 |

**Don Taco**
808 King Street
Alexandria, VA 22314

| Federal Filing | | Res State VA |
|---|---|---|
| Fed Exempts | | Work State VA |
| Fed Additional | | |

| VA Exemptions | | VA Additional |
|---|---|---|

| Voucher Id | Check Amount | Gross Pay | Net Pay |
|---|---|---|---|
| V5089002 | $0.00 | $1,417.50 | $1,088.40 |

**Check Message**

### EARNINGS
*Not Included in Totals

| Description | Rate | Hours | Dollars | YTD Hours | YTD Dollars |
|---|---|---|---|---|---|
| Hourly Regular | 27.0000 | 52.50 | 1,417.50 | 544.50 | 14,701.50 |

### TAXES

| Description | Current | YTD |
|---|---|---|
| SOC SEC EE | 87.88 | 911.49 |
| MED EE | 20.55 | 213.17 |
| FEDERAL WH | 145.70 | 1,384.97 |
| VIRGINIA WH | 64.97 | 671.73 |

### DEDUCTIONS

| Description | Current | YTD |
|---|---|---|

**Statement of Earnings For:** Emma Duarte

| | | | | | Don Taco |
|---|---|---|---|---|---|
| Period Begin | 4/29/2019 | Company Id | MACNAC | Employee Number | 9812 |
| Period End | 5/12/2019 | Department | 700 | Pay Group | DNTACO |
| Check Date | 5/17/2019 | | | SSN | XXX-XX-9812 |

| Federal/Filing | | Res State VA | | VA Exemptions | 4 | VA Additional |
|---|---|---|---|---|---|---|
| Fed. Exempts | 4 | Work State VA | | | | |
| Fed. Additional | | | | | | |

| Voucher Id | Check Amount | Gross Pay | Net Pay | Check Message |
|---|---|---|---|---|
| V7188460 | $0.00 | $1,540.00 | $1,276.15 | |

**EARNINGS**

| Description | Rate | Hours | Dollars | YTD Hours | YTD Dollars |
|---|---|---|---|---|---|
| Salary | 19.2500 | 80.00 | 1,540.00 | 640.00 | 13,391.70 |
| Hourly Regular | | 0.00 | 0.00 | 57.35 | 1,465.80 |

*Not included in Totals

**TAXES**

| Description | Current | YTD |
|---|---|---|
| SOC SEC EE | 95.48 | 921.17 |
| MED EE | 22.33 | 215.43 |
| FEDERAL WH | 82.26 | 740.71 |
| VIRGINIA WH | 63.78 | 598.57 |

**DEDUCTIONS**

| Description | Current | YTD |
|---|---|---|
| | | |

# RULES OF CIVIL PROCEDURE

## FOR THE

## UNITED STATES DISTRICT COURTS[1]

### Effective September 16, 1938, as amended to December 1, 2018

### TITLE I. SCOPE OF RULES; FORM OF ACTION

#### Rule 1. Scope and Purpose

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015.)

#### Rule 2. One Form of Action

There is one form of action—the civil action.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

### TITLE II. COMMENCING AN ACTION; SERVICE OF PROCESS, PLEADINGS, MOTIONS, AND ORDERS

#### Rule 3. Commencing an Action

A civil action is commenced by filing a complaint with the court.

(As amended Apr. 30, 2007, eff. Dec. 1, 2007.)

#### Rule 4. Summons

(a) CONTENTS; AMENDMENTS.

(1) *Contents.* A summons must:

(A) name the court and the parties;

(B) be directed to the defendant;

(C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff;

(D) state the time within which the defendant must appear and defend;

(E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

(F) be signed by the clerk; and

(G) bear the court's seal.

---

[1] Title amended December 29, 1948, effective October 20, 1949.

(1)

**Rule 4**         FEDERAL RULES OF CIVIL PROCEDURE         2

(2) *Amendments.* The court may permit a summons to be amended.

(b) ISSUANCE. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.

(c) SERVICE.

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

(d) WAIVING SERVICE.

(1) *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. The notice and request must:

(A) be in writing and be addressed:

(i) to the individual defendant; or

(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;

(B) name the court where the complaint was filed;

(C) be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;

(D) inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

3                    FEDERAL RULES OF CIVIL PROCEDURE            **Rule 4**

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) SERVING AN INDIVIDUAL WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) SERVING A MINOR OR AN INCOMPETENT PERSON. A minor or an incompetent person in a judicial district of the United States

Rule 4        FEDERAL RULES OF CIVIL PROCEDURE        4

must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) SERVING A CORPORATION, PARTNERSHIP, OR ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

    (1) in a judicial district of the United States:

        (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

        (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or

    (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

(i) SERVING THE UNITED STATES AND ITS AGENCIES, CORPORATIONS, OFFICERS, OR EMPLOYEES.

    (1) *United States*. To serve the United States, a party must:

        (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

        (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

        (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

        (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

    (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

    (3) *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

    (4) *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

    (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

    (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

(j) SERVING A FOREIGN, STATE, OR LOCAL GOVERNMENT.

    (1) *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. §1608.

    (2) *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

        (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

        (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

(k) TERRITORIAL LIMITS OF EFFECTIVE SERVICE.

    (1) *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:

        (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;

        (B) who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or

        (C) when authorized by a federal statute.

    (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

        (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

        (B) exercising jurisdiction is consistent with the United States Constitution and laws.

(*l*) PROVING SERVICE.

    (1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

    (2) *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:

        (A) if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or

        (B) if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

    (3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

(m) TIME LIMIT FOR SERVICE. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its

**Rule 4**                    FEDERAL RULES OF CIVIL PROCEDURE                    6

own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

(n) ASSERTING JURISDICTION OVER PROPERTY OR ASSETS.

(1) *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

(2) *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

(As amended Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Apr. 29, 1980, eff. Aug. 1, 1980; Pub. L. 97–462, §2, Jan. 12, 1983, 96 Stat. 2527, eff. Feb. 26, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Apr. 29, 2015, eff. Dec. 1, 2015; Apr. 28, 2016, eff. Dec. 1, 2016; Apr. 27, 2017, eff. Dec. 1, 2017.)

RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS.

### (Caption)

To (*name the defendant or—if the defendant is a corporation, partnership, or association—name an officer or agent authorized to receive service*):

WHY ARE YOU GETTING THIS?

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within (*give at least 30 days or at least 60 days if the defendant is outside any judicial district of the United States*) from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

WHAT HAPPENS NEXT?

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

.

7        FEDERAL RULES OF CIVIL PROCEDURE      **Rule 4**

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: __

(Signature of the attorney
or unrepresented party)

(Printed name)

(Address)

(E-mail address)

(Telephone number)

RULE 4 WAIVER OF THE SERVICE OF SUMMONS.

(Caption)

To (*name the plaintiff's attorney or the unrepresented plaintiff*):

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____ _____, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:

(Signature of the attorney
or unrepresented party)

(Printed name)

(Address)

(E-mail address)

(Telephone number)

(Attach the following)

DUTY TO AVOID UNNECESSARY EXPENSES
OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**Rule 4.1. Serving Other Process**

(a) IN GENERAL. Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose. It may be served anywhere within the territorial limits of the state where the district court is located and, if authorized by a federal statute, beyond those limits. Proof of service must be made under Rule 4(l).

(b) ENFORCING ORDERS: COMMITTING FOR CIVIL CONTEMPT. An order committing a person for civil contempt of a decree or injunction issued to enforce federal law may be served and enforced in any district. Any other order in a civil-contempt proceeding may be served only in the state where the issuing court is located or elsewhere in the United States within 100 miles from where the order was issued.

(As added Apr. 22, 1993, eff. Dec. 1, 1993; amended Apr. 30, 2007, eff. Dec. 1, 2007.)

**Rule 5. Serving and Filing Pleadings and Other Papers**

(a) SERVICE: WHEN REQUIRED.

(1) *In General.* Unless these rules provide otherwise, each of the following papers must be served on every party:

(A) an order stating that service is required;

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) a written motion, except one that may be heard ex parte; and

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

### NOTICE

**CONSENT TO TRIAL BY MAGISTRATE JUDGE**

Pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) you have the right to have your case conducted before a United States Magistrate Judge upon consent of all parties. In order to proceed before the Magistrate Judge, a consent form must be filed with the Clerk's Office. It may be filed jointly or separately. The consent form may be printed from the U.S. District Court website (listed below) or obtained from the Clerk's Office. Please refer to the previously mentioned rule for further information.

**FINANCIAL INTEREST DISCLOSURE STATEMENT**

Pursuant to Local Rule 7.1, a financial interest disclosure statement must be filed by a "nongovernmental corporation, partnership, trust, [or] other similar entity that is a party to, or that appears in, an action or proceeding in this Court." This statement should be filed with "the party's first appearance, pleading, petition, motion, response, or other request addressed to the Court. The financial interest disclosure statement may be printed from the U.S. District Court website (listed below) or obtained from the Clerk's Office. Please refer to the previously mentioned rule for further information.

**ALEXANDRIA DIVISION SPECIFIC INFORMATION**

Information regarding Alexandria Chambers Copy, Civil and Criminal Motions Procedures, and Other Division-Specific information can be found on the U.S. District Court website at:
http://www.vaed.uscourts.gov/ecf/documents/AlexandriaInformation-8-27-2012.pdf

**WEBSITE AND CLERK'S OFFICES ADDRESSES**

The website address for the U.S. District Court for the Eastern District of Virginia is www.vaed.uscourts.gov. If you do not have access to a computer, contact one of the Clerk's Offices listed below to obtain either of these forms:

Albert V. Bryan United States Courthouse
401 Courthouse Square
Alexandria, VA 22314
(703) 299-2101

Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510
(757) 222-7201

Spotswood W. Robinson, III
and Robert R. Merhige, Jr. Federal Courthouse
701 East Broad Street
Suite 3000
Richmond, VA 23219
(804) 916-2220

U.S Federal Courthouse
2400 West Avenue
Newport News, VA 23607
(757) 247-0784



UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 000.510
0004711289
MAILED FROM ZIP CODE 22903

Legal Aid Justice Center
1000 Preston Ave, Ste A
Charlottesville, VA 22903
ATTN: Rachel McFarland