**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| **Enma Duarte**, | |
| Plaintiff | Case No.: 1:21-cv-00507 |
| **v.** | |
| **Aguaviva of Alexandria, Inc.** d/b/a Don Taco | |
| and **Miguel A. Cordero**, | |
| Defendants | |

## MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT

Plaintiff ENMA DUARTE ("Plaintiff"), by counsel, and Defendants AGUAVIVA OF ALEXANDRIA and MIGUEL CORDERO (collectively "Defendants") (Plaintiff and Defendants collectively "the Parties") submit this memorandum of law in support of their Joint Motion for Court Approval of Settlement ("Motion") and request this Court enter an Order approving the settlement reached by the Parties as a fair and reasonable settlement of a bona fide dispute of claims arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). In support of the Motion, the Parties state as follows:

## PRELIMINARY STATEMENT

This case involves a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.* After the commencement of this case, the Parties, engaged in numerous discussions designed to try and reach an accommodation of this matter. Those efforts were successful. On or about August 13, 2021, the Parties executed a Settlement Agreement resolving the matters in

1

between them.  Contemporaneously with the filing of this Memorandum, the parties have filed a Motion seeking this Court's approval of their agreement.

## FACTUAL AND PROCEDURAL HISTORY

1.      On April 23, 2021, Plaintiff filed an action against Defendant under the FLSA seeking damages for unpaid overtime compensation, liquidated damages, attorney's fees, and interest.

2.      Defendants dispute Plaintiff's claims under the FLSA.

3.      Upon Aguaviva of Alexandria receiving service of process of the lawsuit (Mr. Cordero waived service of process after multiple attempts at service of process had failed), the Parties agreed to negotiate to try to reach a settlement. Dkt #7, 9.  To allow for this negotiation, the Parties agreed to extend Aguaviva of Alexandria's deadline to answer the complaint. Dkt. #10.

4.      As noted above, the Parties have now reached a comprehensive settlement memorialized in a written agreement that settles all disputes among the Parties in this matter, including all claims arising under the FLSA ("Settlement Agreement").  A copy of the Settlement Agreement is attached hereto as Exhibit A.

5.      The full terms of the Settlement Agreement are set forth in that instrument, a true and correct copy of which is attached as **Exhibit A**, but can be summarized as follows:

      a.  Defendants have agreed to pay to Ms. Duarte the sum of $18,514.00, and to counsel for Ms. Duarte the sum of $2,500.00 in attorneys' fees and $486.00 in costs, for a total of $21,500.00 ("the Settlement Sum").

      b.  Ms. Duarte has agreed to voluntarily dismiss the case within fifteen (15) days of the later of this Court's approval of the Settlement Agreement and payment of the Settlement Sum.

      c.  The parties have agreed to mutual releases and covenants not to sue.

6.      Counsel for Plaintiff are Rachel C. McFarland, Kelly Poff Salzmann, and Simon Sandoval-Moshenberg, all of the Legal Aid Justice Center ("LAJC").[1] Counsel's legal fee for representation of Plaintiff for her claims against Defendants is $2,500.00, which, based on the time expended and the complexity of the issues are fair, reasonable, and necessary in this case. Counsel additionally spent $486.00 in costs, between the filing fee and service of process.

7.      Plaintiff was informed of the allocation process and agrees to this methodology.

8.      The Parties, by counsel, represent to the Court that the proposed settlement is, in their judgment, appropriate, fair, and reasonable and in their best interests under all relevant circumstances.

9.      The Parties seek approval of the Settlement Agreement from this Court pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350 (11th Cir. 1982).

## ARGUMENT

A FLSA claim can be waived or settled in only two instances, *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945): (i) first, where the Secretary of Labor supervises the payment of back wages, and (ii) second, where the employer and employee(s) present the proposed settlement to the trial court for approval. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353-54. In this instance, the Parties seek this Court's approval of their Settlement Agreement. Courts in this Circuit analyze a proposed settlement of an FLSA claim based upon whether the proposed settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Barot v. Patel*, 15 F.Supp.3d 648, 654 (E.D. Va. 2014); *Martinez v. HDS Lawn Maintenance & Landscaping, Inc., et. al.*, 2017 WL 11506334, p.1 (E.D. Va. 2017). When reviewing a proposed settlement to ensure that it is fair and reasonable, Courts typically consider six (6) non-exclusive

---

[1] A fourth LAJC attorney was originally involved in the case before leaving LAJC, and thus did not enter an appearance.

factors, although the weight assigned to these factors may differ depending upon the case.  These

factors have generally been described as:

> (1) [T]he extent of discovery that has taken place;
> (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation;
> (3) the absence of fraud or collusion in the settlement;
> (4) the experience of counsel who have represented the plaintiffs;
> (5) the probability of plaintiffs' success on the merits[;] and
> (6) the amount of the settlement in relation to the potential recovery.

*Gagliastre v. Capt. George's Seafood Rest., LP*, E.D. Va. No. 2:17CV379, 2019 WL 2288441, at

*2 (E.D. Va. May 29, 2019).[2]

        As discussed in greater detail below, this case is not a complex one, nor is there a significant

amount in dispute.  As discussed further below, there are disputes as to liability and Ms. Duarte's

probable success in litigation, including the applicable statute of limitations and whether Ms.

Duarte worked any overtime at all.  Nevertheless, the parties believe that the payments to be made

under the Settlement Agreement represent a fair, just, and sufficient amount to settle all of Ms.

Duarte's claims.

**A.  The extent of discovery that has taken place.**

        In this case, the Settlement Agreement was reached prior to either party engaging in

significant formal discovery.  However, the parties exchanged information on an informal basis in

order to be certain that they were properly analyzing the claims at issue.  The parties respectfully

suggest that given the lack of complexity in this case, that a settlement prior to formal discovery

is not only warranted, it is in all parties' best interests.

---

[2] Cases, including *Gagliastre*, sometimes additionally add in another factor, "opinions of class counsel and class members," and merge factors 5 and 6 together in their actual analysis.  *See Gagliastre*, 2019 WL 2288441 at *3.

**B.  The stage of the proceedings, including the complexity, expense and likely duration of the litigation.**

As noted above, this is not a complex matter and indeed the amount at issue would not justify the cost and expense for either of the parties.  While an early settlement in cases involving the need for significant discovery might not be justified, the parties respectfully suggest that in this instance proceeding through motions practice, discovery, or a formal settlement conference would have yielded no different result.  Instead, the parties would likely have become more entrenched as expenses (and risk) mounted on each side, making any settlement even more difficult.

**C.  Absence of Fraud or Collusion.**

In the absence of evidence to the contrary, courts typically presume that no fraud or collusion occurred between counsel.  *Lomascolo v. Parsons Brinckerhoff, Inc.,* 2009 WL 3094955, *12 (E.D. Va. 2009).  In this case, all parties were represented in the settlement process, and were able to reach an agreement only after extensive negotiation.

**D.  Experience of Plaintiff's Counsel.**

Ms. Duarte is represented by a well-known legal services organization that regularly and as a part of its usual practice represents plaintiffs in employment matters, similar to, and considerably more complex, than the matter at issue.  Ms. Duarte's attorneys are additionally fluent in Spanish and two of them (in addition to the former attorney) are themselves experienced in wage and hour litigation.

**E.  Opinions of class counsel and class members.**

As this is not a class action, this factor is inapplicable; however, in regard to the opinion of counsel, the endorsement of the settlement by counsel for the Parties is a "factor [that] weighs in favor of approval."  *Quintanilla v. A & R Demolition Inc.*, No. CIV.A. H-04-1965, 2008 WL 9410399, at *5 (S.D. Tex. May 7, 2008).  In reviewing the opinions of counsel, "a court should

bear in mind that counsel for each side possess the unique ability to assess the potential risks and rewards of litigation. *Id.* (citing *San Antonio Hispanic Police Officers' Org., Inc. v. City of San Antonio*, 188 F.R.D. 433, 461 (W.D. Tex. 1999)).  In this case, Plaintiff's counsel are fully aware of the factual contentions of their client and are in the best position to opine as to whether this settlement produces fair results after consideration of risks.

### F.  Settlement amount and probability of plaintiff's success on the merits.

The Parties' positions in this case involve a bona fide dispute over the FLSA.  "The fact that a proposed settlement may [not equate to] the potential recovery does not indicate that the settlement is not fair and reasonable," after taking into account the risks and costs of litigation. *Quintanilla*, 2008 WL 9410399, at \*5 (citing *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974)).  Consistent with the language in the Settlement Agreement, Ms. Duarte represents and agrees that the settlement payment reflects just and adequate compensation for all claims of purported minimum wage and overtime giving rise to the Complaint.  Indeed, Ms. Duarte's recovery amounts to more than three-quarters of her maximum recovery at trial.  If the case were to proceed to trial, the applicability of a three-year statute of limitations (available in cases of willful FLSA violations) instead of a two-year statute of limitations and the proof of Plaintiff's actual damages as compared to the records maintained by Defendants would be contested issues which could limit Plaintiff's recovery. Given these areas of dispute and the risks they pose to Plaintiff's recovery, Plaintiff agrees that the proposed settlement represents a reasonable compromise over issues actually in dispute.

Finally, the Settlement Agreement includes a provision whereby counsel for Ms. Duarte will receive the sum of $2,500 in attorneys' fees and $486 for costs, in addition to the amount being paid to Ms. Duarte herself.  The parties respectfully suggest that counsel's efforts in this

case on behalf of their client more than justify the $2,500 fee. Counsel for Ms. Duarte was obligated to conduct a pre-filing investigation, determine possible causes of action, and then analyze information relative to the defenses asserted by the Defendants. Collectively, counsel spent more than thirty (30) hours, and have billed a lodestar amount of more than $12,000, an amount that would only continue to increase should motions practice and discovery begin.

## CONCLUSION

As noted previously, this is not a complex case. As such, and consistent with their duties to their respective clients, counsel for the parties took steps to resolve the matters in dispute without incurring significant expense, causing undue delay to Ms. Duarte, or availing themselves of significant judicial resources. The result is what they believe to be a fair and reasonable settlement in light of the matters in dispute.

WHEREFORE, Ms. Duarte, Aguaviva of Alexandria, and Mr. Cordero respectfully request that this Honorable Court (i) grant their Joint Motion to Approve Settlement Agreement; and (ii) grant such further relief as this Honorable Court deems equitable, just, and proper.

Respectfully submitted this 16th day of August, 2021,

ENMA DUARTE
Plaintiff

By Counsel
    //s// Rachel C. McFarland
Rachel C. McFarland (VSB No.: 89391)
*rmcfarland@justice4all.org*
**Legal Aid Justice Center**
1000 Preston Avenue, Ste A
Charlottesville, VA 22903
(434) 977-0553 / fax (434) 977-0558

Simon Sandoval-Moshenberg (VSB No.: 77110)
*simon@justice4all.org*
Kelly Poff Salzmann (VSB No.: 73884)

*kelly@justice4all.org*
**Legal Aid Justice Center**
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
(703) 778-3450 / fax (703) 778-3454

*Counsel for Plaintiff*

AGUAVIVA OF ALEXANDRIA, INC
MIGUEL A. CORDERO
Defendants

By Counsel

_____
James T. Bacon, Esq. (VSB# 22416)
MAHDAVI, BACON, HALFHILL & YOUNG,
PLLC
11350 Random Hills Rod, Ste 700
Fairfax, VA 22030
(703) 352-1300
(703) 352-1301 - Fax
jbacon@mbhylaw.com
*Counsel for Defendants*

## Certificate of Service

I certify that on this 16th day of August 2021, I served a true copy of the Memorandum of Law
in Support of Joint Motion for Court Approval of Settlement by email to Defendants' counsel as
follows:

James T. Bacon, Esq. (VSB# 22416)
MAHDAVI, BACON, HALFHILL & YOUNG, PLLC
11350 Random Hills Rod, Ste 700
Fairfax, VA 22030
(703) 352-1300
(703) 352-1301 - Fax
jbacon@mbhylaw.com

_____//s// Rachel C. McFarland_____
Rachel C. McFarland (VSB No.: 89391)
*rmcfarland@justice4all.org*
**Legal Aid Justice Center**
1000 Preston Avenue, Ste A
Charlottesville, VA 22903
(434) 977-0553 / fax (434) 977-0558