## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into as of the ___ day of _____, 2021, by and between **Enma Duarte Figueroa** ("Ms. Duarte"), the former employee, on the one hand, and **Miguel A. Cordero** ("Mr. Cordero") and **Aguaviva of Alexandria, Inc., d/b/a Don Taco** ("Aguaviva" or "Don Taco"), the former employers, on the other hand.

Mr. Cordero and Don Taco collectively will be referred to as "the Employers." Collectively, Ms. Duarte and the Employers will be referred to as "the Parties."

## RECITALS

**WHEREAS**, Ms. Duarte worked for the Employers from about late 2012 or early 2013 until mid-2020, performing work as a member of the kitchen staff at the restaurant Don Taco.

**WHEREAS**, Ms. Duarte alleges that she was not paid a time-and-a-half overtime premium for most of her weekly overtime hours as required by the federal Fair Labor Standards Act.

**WHEREAS**, this dispute has culminated in the lawsuit captioned as *Enma Duarte v. Aguaviva of Alexandria, et al*, Case No. 1:21-cv-00507, filed by Ms. Duarte in the Alexandria Division of the U.S. District Court for the Eastern District of Virginia, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA") (the "Lawsuit");

**WHEREAS**, Mr. Cordero and Aguaviva (d/b/a Don Taco) and expressly deny any liability under the Fair Labor Standards Act; and

**WHEREAS**, the Parties desire to settle and resolve all matters arising out of Ms. Duarte's employment with the Employers, given the costs associated with litigation, and without any admission of liability by any party, under the terms and conditions set forth below.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises each party has made to the other as set forth in this Agreement, Ms. Duarte and the Employers agree as follows

## AGREEMENT

1. **Settlement Payment**

   a. In exchange for the promises made by an in consideration for all the terms agreed to by Ms. Duarte, the Employers shall pay the total sum of **$21,500.00** (the "Settlement Sum") for settlement of all wage-and-hour claims that the Ms. Duarte may have against the Employers related to her past employment with the Employers, including costs and attorney's fees.

   b. The Settlement Sum shall be apportioned as follows:

    i. The Employers shall pay to Ms. Duarte the gross amount of **$18,514.00**. One-half of this amount (**$9,257.00**) shall be considered unpaid wages and paid by payroll check with social security tax, federal and state withholding, and any other withholding required by law deducted. The Employers shall issue Ms. Duarte a W-2 form for these payments. The other half (**$9,257.00**) shall be considered other income and paid in full without tax withholding. The Employers shall issue Ms. Duarte a 1099 form for these payments. Payments shall be made by cashier's check or money order payable to "Enma Duarte Figueroa".

    ii. The Employers shall pay to the Legal Aid Justice Center the gross amount of **$2,986.00** as attorney's fees and costs under the Fair Labor Standards Act. Payments shall be made by money order payable to "Legal Aid Justice Center – Client Trust Account."

c. All payments required herein shall be made within 10 days of Court approval of this Agreement delivered to the office of the Ms. Duarte's attorneys at the Legal Aid Justice Center, 6066 Leesburg Pike, Suite 520, Falls Church, VA 22041.

## 2. Motion for Approval; Dismissal with Prejudice

Ms. Duarte shall cause to be prepared the motion seeking approval of this Agreement, and the Parties agree to work cooperatively and take all necessary steps to effectuate final Court approval of their settlement. The Parties further agree that they will execute and file a Stipulation of Dismissal with Prejudice within fifteen (15) days of the later of the Court's approval of the Parties' settlement and the payment of the settlement amounts required by Paragraph 1 hereof. The Stipulation of Dismissal shall provide that the Court shall retain jurisdiction under *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375 (1994) to enforce the terms of this Agreement.

## 3. Mutual Release and Promise Not to Sue

a. In exchange for the Employers' performance under this Agreement, Ms. Duarte promises not to sue and fully releases the Employers with respect to any and all wage-and-hour claims, known or unknown, arising out of her former employment with the Employers.

b. In exchange for the Ms. Duarte's performance under this Agreement, the Employers promise not to sue and fully release Ms. Duarte with respect to any and all potential wage-and-hour claims, known or unknown, arising out of the Ms. Duarte's former employment with the Employers.

## 4. No Admission

This Agreement and compliance with it shall not be construed as an admission by the Employers of any wrongdoing.

## 5. Governing Law

This Agreement shall be governed by Virginia law, without regard to choice-of-law principles.

## 6. Enforcement

   a. If any Party is found to have breached this agreement, the prevailing party shall be entitled to recover its damages, its costs and reasonable attorney's fees, and 6% interest from the date of the breach.

   b. The Parties consent to the jurisdiction of the United States District Court for the Eastern District of Virginia, agreeing to waive any argument of lack of personal jurisdiction or forum nonconveniens with respect to any claim or controversy arising out of or relating to this Agreement.

## 7. Legal Rights; Severability

If any provisions of this Agreement are held illegal, unenforceable, or otherwise invalid by a court of competent jurisdiction, or if the inclusion of any clause would prevent the court from approving this Agreement as required under the FLSA, (*See Lynn's Ford Stores v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 941 (E.D. Va. 2011); *Gormin v. Brown-Forman Corp.*, 744 F. Supp. 1100, 1101 (M.D. Fla. 1990)), such clause(s) will be fully severable and treated as stricken from the Agreement and rendered inoperative, with the remainder of the Agreement to remain in full force and effect.

## 8. Entire Agreement

This Agreement constitutes the entire agreement between the Parties, and it was drafted mutually by all the Parties. It may not be altered, amended, or otherwise modified except by a writing signed by all the Parties.

### 9. Independent Advice

The Parties agree that they have had the opportunity to secure independent legal advice and consultation in connection with this Agreement and any rights they may be relinquishing hereby, and that they have not relied upon any representations or statements made by any other party or by any other party's counsel in executing this Agreement.

### 10. Incorporation of Recitals

The recitals hereto are incorporated herein by the Parties as their general statement of intent and understanding.

### 11. Effect of Signature

This Agreement is effective once signed by all Parties. This Agreement may be signed in counterparts. A photocopy or electronic scan of a Party's signature shall have the same validity as the original.

**I HAVE COMPLETELY READ THIS AGREEMENT AND FULLY UNDERSTAND AND VOLUNTARILY ACCEPT IT FOR THE PURPOSE OF FINAL RESOLUTION AND SETTLEMENT OF ANY AND ALL WAGE-AND-HOUR CLAIMS, KNOWN OR UNKNOWN, ARISING OUT OF ENMA DUARTE'S EMPLOYMENT WITH MIGUEL A CORDERO AND AGUAVIVA OF ALEXANDRIA, INC.**

_____  
Enma Duarte Figueroa

Date: _____

_[signature]_  
Miguel A Cordero

Date: 8/13/21

_[signature]_  
Aguaviva of Alexandria, Inc.

Date: 8/13/21

Miguel CORDERO  
Print name

PRESIDENT  
Title

## CERTIFICATE OF ACCURACY

I, <u>Danna Chavez Calvi</u>, hereby certify that I translated the attached **Settlement Agreement and Release** from English into Spanish and that, to the best of my ability, it is a true and correct translation. I further certify that I am competent in both English and Spanish to render and certify such translation.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Typed Name:   Danna Chavez Calvi
Address:
    Legal Aid Justice Center
    6066 Leesburg Pike, Suite 520
    Falls Church, VA 22041

Date:   08/09/2021

## ACUERDO DE RESOLUCIÓN Y RENUNCIA

Este Acuerdo de resolución y renuncia (el "Acuerdo") se celebra a partir del ___ día de _____, 2021, entre **Enma Duarte Figueroa** (referida como "Sra. Duarte"), la exempleada, por un lado, y **Miguel A. Cordero** (referido como "Sr. Cordero") y **Aguaviva of Alexandria, Inc., d/b/a Don Taco** (referido como "Aguaviva" o "Don Taco"), los antiguos empleadores, por otro lado.

El Sr. Cordero y Don Taco colectivamente se denominarán "los Empleadores.". En conjunto, la Sra. Duarte y los Empleadores se denominarán "las Partes".

## LOS CONSIDERANDOS

**CONSIDERANDO** que la Sra. Duarte trabajó para los Empleadores desde aproximadamente los finales de 2012 o principios de 2013 hasta mediados de 2020, desempeñándose como miembro del personal de cocina en el restaurante Don Taco.

**CONSIDERANDO** que la Sra. Duarte alega que no se le pagó una prima de tiempo y medio por tiempo extra por la mayoría de sus horas extras semanales como lo requiere la Ley federal de Normas Laborales Justas.

**CONSIDERANDO** que esta disputa ha culminado en la demanda titulada *Enma Duarte v. Aguaviva of Alexandria*, et al, Caso No. 1: 21-cv-00507, presentada por la Sra. Duarte en la División de Alexandria del Tribunal de Distrito de los Estados Unidos para el Distrito Este de Virginia, alegando violaciones de la Ley de Normas Laborales Justas, 29 USC §§ 201, *et seq.* (la "FLSA") (la "Demanda");

**CONSIDERANDO** que el Sr. Cordero y Aguaviva (d/b/a Don Taco) niegan expresamente cualquier responsabilidad bajo la Ley de Normas Laborales Justas; y

**CONSIDERANDO** que las Partes desean liquidar y resolver todos los asuntos que surjan del empleo de la Sra. Duarte con los Empleadores, dados los costos asociados con el litigio, y sin ninguna admisión de responsabilidad por parte de ninguna de las partes, bajo los términos y condiciones establecidos a continuación.

**AHORA, POR LO TANTO**, en consideración de los pactos mutuos y las promesas de cada parte ha hecho a la otra como se establece en este Acuerdo, la Sra. Duarte y los Empleadores acuerdan lo siguiente

## ACUERDO

1. **Pago de liquidación**

    a. A cambio de las promesas hechas por y en contraprestación por todos los términos acordados por la Sra. Duarte, los Empleadores pagarán la suma total de **$ 21,500.00** (la "Suma del Acuerdo") para la liquidación de todos los reclamos de salarios y horas que la

Sra. Duarte pueda tener contra los Empleadores en relación con su empleo anterior con los Empleadores, incluidos los costos y honorarios de abogados.

   b. La Suma del Acuerdo se distribuirá de la siguiente manera:

      i. Los Empleadores pagarán a la Sra. Duarte el monto bruto de **$18,514.00**. Mitad del monto (**$9,257.00**) se considerará salarios no pagados y se pagarán mediante cheque de nómina con impuesto de seguridad social, retención federal y estatal y cualquier otra retención exigida por la ley deducida. Los Empleadores emitirán a la Sra. Duarte un formulario W-2 para estos pagos. La otra mitad (**$9,257.00**) se considerarán otros ingresos y se pagarán en su totalidad sin retención de impuestos. Los Empleadores emitirán a la Sra. Duarte un formulario 1099 para estos pagos. Los pagos se realizarán mediante cheque de caja o giro postal a nombre de "Enma Duarte Figueroa".

      ii. Los Empleadores pagarán al Legal Aid Justice Center la cantidad bruta de **$2,986.00** como honorarios y costos de abogados bajo la Ley de Normas Laborales Justas. Los pagos se realizarán mediante giro postal pagadero a "Legal Aid Justice Center – Client Trust Account."

   c. Todos los pagos requeridos en este documento se realizarán dentro de los 10 días posteriores a la aprobación del Tribunal de este Acuerdo entregado a la oficina de los abogados de la Sra. Duarte en Legal Aid Justice Center, 6066 Leesburg Pike, Suite 520, Falls Church, VA 22041.

**2. Moción de aprobación; Despido con prejuicio**

La Sra. Duarte hará que se prepare la moción que busca la aprobación de este Acuerdo, y las Partes acuerdan trabajar cooperativamente y tomar todas las medidas necesarias para llevar a cabo la aprobación final del Tribunal de su acuerdo. Las Partes acuerdan además que ejecutarán y presentarán una Estipulación de Desestimación con Prejuicio dentro de los quince (15) días posteriores a la última fecha de la aprobación del Tribunal del acuerdo de las Partes o el pago de los montos del acuerdo requeridos por el Párrafo 1 del presente. La Estipulación de Desestimación dispondrá que el Tribunal retendrá jurisdicción bajo *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375 (1994) para hacer cumplir los términos de este Acuerdo.

**3. Liberación mutua y promesa de no demandar**

   a. A cambio del desempeño de los Empleadores en virtud de este Acuerdo, la Sra. Duarte se compromete a no demandar y libera completamente a los Empleadores con respecto a todas y cada una de las reclamaciones de salarios y horas, conocidas o desconocidas, que surjan de su anterior empleo con los Empleadores.

    b. A cambio del desempeño de la Sra. Duarte en virtud de este Acuerdo, los Empleadores se comprometen a no demandar y liberar completamente a la Sra. Duarte con respecto a todas y cada una de las posibles reclamaciones de salarios y horas, conocidas o desconocidas, que surjan del anterior empleo de la Sra. Duarte con los empleadores.

### 4. Omisión de admisión

Este Acuerdo y su cumplimiento no se interpretarán como una admisión por parte de los Empleadores de cualquier ofensa.

### 5. Ley aplicable

Este Acuerdo se regirá por la ley de Virginia, sin tener en cuenta los principios de elección de la ley.

### 6. La ejecución

    a. Si se determina que alguna de las Partes ha incumplido este acuerdo, la parte ganadora tendrá derecho a recuperar sus daños, sus costos y honorarios de abogados razonables, y un interés del 6% a partir de la fecha del incumplimiento.

    b. Las Partes dan su consentimiento a la jurisdicción del Tribunal de Distrito de los Estados Unidos para el Distrito Este de Virginia, acordando renunciar a cualquier argumento de falta de jurisdicción personal o foro nonconveniens con respecto a cualquier reclamo o controversia que surja de o esté relacionado con este Acuerdo.

### 7. Derechos legales; divisibilidad

Si alguna disposición de este Acuerdo se considera ilegal, inaplicable o inválida de otro modo por un tribunal de jurisdicción competente, o si la inclusión de cualquier cláusula impediría que el tribunal apruebe este Acuerdo según lo exige la FLSA, (*Ver Lynn's Ford Stores v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Baker v. Dolgencorp, Inc.,* 818 F. Supp. 2d 940, 941 (E.D. Va. 2011); *Gormin v. Brown-Forman Corp.*, 744 F. Supp. 1100, 1101 (M.D. Fla. 1990)), dicha(s) cláusula(s) serán completamente divididas y se considerarán excluidas del Acuerdo y quedarán inoperantes, y el resto del Acuerdo permanecerá en pleno vigor y efecto.

### 8. Acuerdo completo

Este Acuerdo constituye el acuerdo completo entre las Partes y fue redactado mutuamente por todas las Partes. No puede ser alterado, enmendado o modificado de otra manera excepto mediante un escrito firmado por todas las Partes.

### 9. Asesoramiento independiente

Las Partes acuerdan que han tenido la oportunidad de obtener asesoramiento y consultas legales

independientes en relación con este Acuerdo y cualquier derecho al que puedan estar renunciando por el presente, y que no se han basado en ninguna representación o declaración hecha por ninguna otra parte o por cualquier otro abogado de la parte en la ejecución de este Acuerdo.

### 10. Incorporación de considerandos

Los considerandos adjuntos son incorporados aquí por las Partes como su declaración general de intención y entendimiento.

### 11. Efecto de la firma

Este Acuerdo entra en vigor una vez firmado por todas las Partes. Este Acuerdo puede firmarse en contrapartes. Una fotocopia o escaneo electrónico de la firma de una Parte tendrá la misma validez que el original.

**HE LEÍDO COMPLETAMENTE ESTE ACUERDO Y ENTIENDO COMPLETAMENTE Y LO ACEPTO VOLUNTARIAMENTE CON EL PROPÓSITO DE LA RESOLUCIÓN FINAL Y EL ACUERDO DE CUALQUIER RECLAMACIÓN DE SALARIOS Y HORAS, CONOCIDOS O DESCONOCIDOS, QUE SURJAN DEL EMPLEO DE ENMA DUARTE CON MIGUEL A CORDERO Y AGUAVIVA OF ALEXANDRIA, INC.**

_____  
SignNow e-signature ID: 5224becca1...  
08/09/2021 20:09:03 UTC  
Enma Duarte Figueroa

Fecha: 08/09/2021

_____  
Miguel A Cordero

Fecha: _____

_____  
Aguaviva of Alexandria, Inc.

Fecha: _____

_____  
Imprimir nombre

_____  
Título

4 of 4